# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL PENDERGAST,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:16-cv-00748-SAB<br><br>ORDER GRANTING PETITIONER'S UNOPPOSED MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 27) |

    Petitioner Cyrus Safa ("Counsel" or "Petitioner"), attorney for Gary Paul Pendergast ("Plaintiff"), filed the instant motion for attorney fees on April 6, 2020. (Counsel's Mot. Att'y Fees ("Mot."), ECF No. 27.) Counsel requests fees in the net amount of $9,900.00 pursuant to 42 U.S.C. § 406(b)(1). Plaintiff was served with the motion and advised that any opposition to the motion was to be filed within fourteen days. (Mot. 2, 13.) Plaintiff did not file an opposition to the request. While the Commissioner of Social Security ("Defendant") typically files a statement of non-opposition in the role of a trustee for the Plaintiff, Defendant did not file any statement in response to the motion for attorney fees. For the reasons discussed herein, Petitioner's unopposed motion for attorney fees shall be granted.

///

///

1

# I.

# BACKGROUND

On May 27, 2016, Plaintiff filed this action challenging the denial of social security benefits. (ECF No. 1.) On August 1, 2017, the Court remanded the action pursuant to the parties' stipulation for voluntary remand, and judgment was entered in favor of Plaintiff. (ECF Nos. 22, 23, 24.)

Following remand, on September 24, 2018, the Defendant granted Plaintiff's application for benefits, and on March 13, 2020, the Defendant issued a notice that Plaintiff was entitled to receive $77,701.00 in retroactive benefits. (Mot. 3; Decl. Cyrus Safa ("Safa Decl.") ¶¶ 3-4, Exs. 2-3, ECF Nos. 27 at 11; 27-2; 27-3.) The Commissioner withheld $19,425.13 from the past-due benefit for attorney fees. (ECF No. 27-3 at 3.) This amount equals twenty-five percent (25%) of the retroactive benefit award. (Id.) Petitioner has previously received payment of $2,776.36 in EAJA fees. (ECF No. 26; Mot. 3.) In the instant motion, Petitioner seeks an order awarding attorney fees in the amount of $9,900.00, and further ordering Petitioner to reimburse Plaintiff in the amount of $2,776.36. (Mot. 3.) Thus, the total attorney fee award, following reimbursement to Plaintiff, would be $9,900.00, or approximately thirteen percent (13%) of the total $77,701.00 in retroactive benefits awarded. (Mot. 4-5.)

# II.

# LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful

2

attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 793). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Gisbrecht, 535 U.S. at 807. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 807 n.17; Crawford, 586 F.3d at 1148.

While the Supreme Court in Gisbrecht did not expressly "provide a definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors should be weighed, the Court directed the lower courts to consider the 'character of the representation and the results the representative achieved.' " Crawford, 586 F.3d at 1151 (quoting Gisbrecht, 535 U.S. at 808). The Ninth Circuit has stated a court may weigh the following factors under Gisbrecht in determining whether the fee was reasonable: (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151-52.

Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Gisbrecht, 535 U.S. at 796; Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1219 (9th Cir. 2012) (noting "the EAJA savings provision requires an attorney who receives a fee award under § 2412(d) of the EAJA in addition to a fee award under § 406(b) for the 'same work' to refund to the Social Security claimant the smaller award.").

///

///

## III.

## DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the fee agreement between Plaintiff and Petitioner provides that if the "matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for court work." (Social Security Representation Agreement, ECF No. 27-1 at 1 (emphasis in original).) Plaintiff has been awarded retroactive benefits in the amount of $77,701.00. (Mot. 3; Safa Decl. ¶ 4; ECF No. 27-3.)

In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht. There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. (Safa Decl. ¶¶ 3-4, 7.) Specifically, Counsel has been practicing Social Security law as an attorney since 2012. (Safa Decl. ¶ 7.) There is no indication that Counsel was responsible for any substantial delay in the court proceedings, having initiated timekeeping on May 17, 2016, and judgment being entered in favor of Plaintiff August 1, 2017. (ECF Nos. 24; 27-4.)

Plaintiff agreed to a twenty-five percent (25%) fee at the outset of the representation, however, Petitioner is not seeking the full amount under the agreement, but rather only approximately thirteen percent (13%) of the payment in the amount of $9,900.00. The $9,900.00 fee is not excessively large in relation to the retroactive award of $77,701.00. In making this determination, the Court recognizes the contingent nature of this case and the risk that counsel took of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner does not state his or the paralegal's normal hourly rates, but does submit a log of the time spent in prosecuting this action. (Safa Decl. ¶ 5; ECF

4

1  No. 27-4.)  The log demonstrates that 3.0 paralegal hours were expended in this action and
2  Petitioner spent 12.3 hours on this action.  (Id.)  Therefore, Petitioner is seeking $9,900.00 for
3  15.3 hours of paralegal and attorney time.  When considering the total amount requested by
4  Petitioner, the fee request translates to $647.06 per hour for the services provided in this action.

5  In Crawford the Ninth Circuit found that fees of $519, $875, and $902 per hour, for time
6  of both attorneys and paralegals, was not excessive.  Crawford, 486 F.3d at 1153 (Clifton, J.,
7  concurring in part).  Further, since Gisbrecht, courts note that reducing a fee request is dicey
8  business and find fee awards of an effective hourly rate much higher than this to be reasonable.
9  Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13,
10 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per hour); Coles
11 v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018)
12 (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin, No. CV
13 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to
14 $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No. CIVS-06-
15 0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient
16 counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.").

17 The Court finds that the requested fees are reasonable when compared to the amount of
18 work Petitioner performed in representing Plaintiff.  Petitioner's representation of the claimant
19 resulted in the action being remanded for further proceedings and ultimately, substantial benefits
20 were awarded.  Counsel also submitted a detailed billing statement which supports the request.
21 (ECF No. 27-4.)

22 The award of Section 406(b) fees is offset by any prior award of attorney fees granted
23 under the EAJA.  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.  In this instance, Petitioner has
24 previously been awarded $2,776.36 in EAJA fees and the award of fees under Section 406(b)
25 shall be offset in that amount.

26 ///
27 ///
28 ///

# IV.

# CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $9,900.00 is GRANTED;

2. Pursuant to Petitioner's request, this amount shall be paid directly to the Law Offices of Lawrence D. Rohlfing. The Commissioner is to remit to Plaintiff any remainder of her withheld benefits; and

3. Petitioner is ordered to refund $2,776.36 of the Section 406(b) fees awarded, to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: __April 24, 2020__

UNITED STATES MAGISTRATE JUDGE